STATE v. SMITH.

GRAND JURY—VENIRE—IRREGULARITY.—While the statute directs the venire for the grand jury to issue not less than fifteen days before the court convenes, a venire so issued only thirteen days before court, is not such an irregularity as requires the quashing of an indictment which has been found by a grand jury so drawn.

Before HUDSON, J., Colleton, November, 1892.

Indictment against Caleb Smith for murder.

*Messrs. Fishburne & Gruber*, for appellant.

*Mr. Bellinger*, solicitor, contra.

February 13, 1893. The opinion of the court was delivered by MR. JUSTICE MCGOWAN. The defendant, Caleb Smith, was arraigned and tried for murder at the November term of the court (1892) for Colleton County. On his arraignment, and before he pleaded "not guilty," his counsel moved the court to quash the indictment, on the ground that the grand jury which found the indictment was not a legal jury, for the reason that it had not been drawn in accordance to law, in this: That the venire was dated on February 2, 1892, and the

court for the County of Colleton convened on February 15, 1892, "less than fifteen days before the commencement of the first court in the year," in violation of section 2629 of the General Statutes, which requires that "the clerk of the Court of General Sessions in each county, not less than fifteen days before the commencement of the first term of the court in each year, &c., shall issue his venire," &c.   The judge refused the motion, and the defendant was found guilty of manslaughter. He then moved in arrest of judgment and for a new trial, both of which motions were refused, and the defendant sentenced.

The defendant now appeals to this court, upon the following grounds:   *First.*   For that the presiding judge was in error in overruling defendant's motion to quash the bill of indictment. *Second.*   For that he was in error in holding that the grand jury drawn for the year 1892 was a valid grand jury.   *Third.*   For that he was in error in overruling the defendant's motion in arrest of judgment and for a new trial.   *Fourth.*   For that he was in error in holding that the service of the venire upon the sheriff by the clerk of the court *thirteen days* before the convening of the Court of General Sessions, was a compliance with the statute regulating the drawing of the grand jury, &c.

As we understand it, there is but one question in this case, viz., whether the drawing of the grand jury *thirteen* instead of *fifteen* days before the convening of the court, was an irregularity that must be held so fatal as to avoid all the indictments found by them.   It is true, that courts are particular in requiring care in the organization of juries, but there is a limit, and we can not think that the direction in the act as to the number of days' notice required to be given was essential to the validity of all the acts done by the jury for nearly a year.   There is certainly nothing of substance in the objection, as the jurors summoned appeared and discharged their duty.   The objections made to the organization of juries are numerous and various, and, therefore, we think the rule is properly stated in the 9th volume, page 3, of the Encyclopædia of Law, as follows: "Slight irregularities in selecting, drawing, and summoning, and in the names of the grand jurors, where none of the substantial rights of the accused are affected, do not affect the

validity of the panel." Citing numerous cases. "A defendant personally present, or present by attorney, when his case is submitted to the grand jury, waives his right by failing to object to the panel at that time." *Ibid.*

We do not regard this case as at all analogous to that cited in the argument, *Simmons Bros* v. *Cochran,* 29 S. C., page 32. That was a case "*inter partes*" of claim and delivery in a trial justice court. The property claimed was taken from the defendant and placed in the hands of the constable, and, therefore, in that case (as in others of the same character) there was a particular reason why the plaintiff should not delay in his suit to test the right; and, hence, section 71 (sub. 12) of the Code provides that "the said trial justice shall at the same time issue a summons, directed to the defendant, and requiring him to appear before the said trial justice, at a time and place to be therein specified, *and not more than twenty days from the date thereof,* to answer the complaint of said plaintiff," &c. That case was decided right, but is in many respects different from this.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.